FILED

2017 Mar-21  AM 11:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **DIANA M. BAIRD,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| **v.** } | **Case No.:  2:16-CV-1467-RDP** |
| } | |
| **TECH PROVIDERS, INC., et al.,** } | |
| } | |
| **Defendants.** } | |

**MEMORANDUM OPINION**

This matter is before the court on Defendants' Motion to Dismiss. (Doc. # 6). Defendants' Motion is fully briefed. (Docs. # 14 and 15).

**I.       Background**

Defendant Tech Providers, Inc. ("TPI") is a staffing company that places personnel at various companies, including Southern Company Services. (Doc. # 1, ¶¶ 1, 9-10). Plaintiff, Diana M. Baird ("Plaintiff"), is a former employee of TPI.[1] (Doc. # 1 at ¶¶ 1, 9).  On January 29, 2015, Plaintiff signed an Agreement Concerning Employment with TPI which contained a non-compete clause. (Doc. # 1 at ¶ 15). The Agreement Concerning Employment with TPI states that "Company [TPI] hereby employs Employee as an employee and Employee hereby accepts such employment with Company."[2] (Doc. # 6-1 at 2). As an employee of TPI, Plaintiff was placed at Southern Company Services on February 5, 2015. (Doc. # 1 at ¶¶ 1, 28).

---

[1]  The court recognizes that this case involves a particularly sympathetic Plaintiff.  Despite the court's sympathy towards her health condition, it must fairly apply the law to the parties.

[2]  Plaintiff did not attach the Agreement Concerning Employment to her Complaint.  (*See generally* Doc. # 1).  However, the Agreement Concerning Employment is referenced in Plaintiff's Complaint (*see* Doc. # 1 at ¶ 15) and is central to Plaintiff's allegations that Defendants unlawfully threatened to abuse a legal process to force her into performing labor for TPI. (*See* Doc. # 1 at ¶ 20 (alleging that "[n]othing in the Agreement Concerning Employment contemplates that Baird is forced to remain a TPI employee"). Because the Agreement Concerning

In June 2016, after working for TPI at Southern Company Services for over 16 months, Baird resigned her employment with TPI. (Doc. # 1 at ¶ 17). In July 2016, Plaintiff went to work for a different staffing company through which she was also placed at Southern Company Services. (Doc. # 1 at ¶ 17).

On July 15, 2016, Claude Estes of TPI e-mailed Plaintiff to inform her that TPI believed that she was in violation of the non-compete agreement with TPI.  (Doc. # 1 at p. 5). Estes also informed Plaintiff that TPI planned to sue to enforce the non-compete agreement, including the provision in which she agreed to be responsible for TPI's costs and attorneys' fees in enforcing the agreement.  (Doc. # 1 at p. 5). However, TPI offered Plaintiff the opportunity to come "back on board" with TPI if she so chose. (Doc. # 1 at p. 5). When Plaintiff refused the offer to return to work for TPI, on August 5, 2016, TPI filed suit in the Circuit Court of Shelby County, Alabama asserting a breach of contract claim based on the non-compete clause in the Agreement Concerning Employment. (*See Tech Providers, Inc. v. Diana M. Baird*, Circuit Court of Shelby County, Alabama Case No.  CV-2016-900646.00, Doc. # 2).

On September 6, 2016, Plaintiff initiated this action alleging that TPI and Estes violated the prohibition against forced labor found in 18 U.S.C. § 1589. (Doc. # 1).

II.      **Standard of Review**

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Having said that, the complaint must include enough facts "to raise a right to relief above the

---

Employment has been attached to Defendant's Motion to Dismiss, it was referenced in Plaintiff's Complaint, it is central to Plaintiff's cause of action, and its authenticity is not in dispute, the court can consider the Agreement without converting Defendant's motion to dismiss into a motion for summary judgment. *See Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). (*See also* Doc. # 14 at 6 (discussing the legal effect of the Agreement Concerning Employment without contesting the authenticity of the Agreement attached to Defendant's Motion to Dismiss)). The court has considered the Agreement Concerning Employment in ruling upon this motion.

speculative level."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   Pleadings that

contain nothing more than "a formulaic recitation of the elements of a cause of action" do not

meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and

conclusions" or "naked assertion[s]" without supporting factual allegations.   *Twombly*, 550 U.S.

at 555, 557.   In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the

complaint in the light most favorable to the non-moving party.   *Watts v. Fla. Int'l Univ.*, 495

F.3d 1289, 1295 (11th Cir. 2007).

Under *Twombly*, a complaint must present plausible theories of liability and allege

specific facts establishing each claim.   To survive a motion to dismiss, a complaint must "state a

claim to relief that is plausible on its face."   *Twombly*, 550 U.S. at 570.   "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."   *Ashcroft v. Iqbal*, 129 S. Ct.

1937, 1949 (2009).   Although "[t]he plausibility standard is not akin to a 'probability

requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant

has acted unlawfully."   *Id*.   A plausible claim for relief requires "enough fact[s] to raise a

reasonable expectation that discovery will reveal evidence" to support the claim.   *Twombly*, 550

U.S. at 556.

The Supreme Court has identified "two working principles" for a district court to use in

applying the facial plausibility standard.   First, in evaluating motions to dismiss, the court must

assume the veracity of well-pleaded factual allegations; however, the court does not have to

accept as true legal conclusions when they are "couched as [] factual allegation[s]."   *Iqbal*, 129

S. Ct. at 1950.   Second, "only a complaint that states a plausible claim for relief survives a

motion to dismiss."   *Id.*   Application of the facial plausibility standard involves two steps.   Under

one prong, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under the other prong, the court must proceed to determine the claim's plausibility given the well-pleaded facts.  That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct."  *Id.*

### III.    Discussion

Plaintiff's Complaint asserts a single claim against Defendants.  She contends that Defendants violated the Trafficking Victims Protection Act of 2000 (TVPA). 18 U.S.C. § 1589. Section 1589 makes it illegal to provide or obtain the labor or services of a person:

> (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

18 U.S.C. § 1589(a)(l–4). Section 1595 allows a victim to bring a civil action to enforce section 1589.  Section 1595 provides that:

> [a]n individual who is a victim of a violation may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a). The purpose of section 1595 is to provide a civil remedy for violation of the federal peonage, slavery, and trafficking in persons statutes. *Dlamini v. Babb*, 2014 WL 5761118, at *4 (N.D. Ga. Nov. 5, 2014) (citing 18 U.S.C. § 1595; 18 U.S.C. §§ 1581–1594).

### A.   Plaintiff Has Not Alleged Any Abuse of Law or Legal Process

Plaintiff alleges that Defendants violated section 1589(c) by threatening to sue her for violating the non-compete clause in the Agreement Concerning Employment. However, that section defines the term "abuse or threatened abuse of law or legal process" as "the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or *for any purpose for which the law was not designed*, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action." 18 U.S.C. § 1589(c) (emphasis added). Plaintiff asserts that the threat to sue to enforce the non-compete was a threat of legal process for a purpose for which the law was not designed. In particular, she argues, the non-compete agreement is void under Alabama law because it was signed before she started work at Southern Company Services.

However, the operative relationship here is between Plaintiff and TPI.  The Agreement Concerning Employment with TPI, which contained the non-compete clause, became effective when the parties' signed that document.  That agreement states that "Company hereby employs Employee as an employee and Employee hereby accepts such employment with Company." (Doc. # 6-1 at 2). Thus, by its terms, the agreement was signed on the day that Plaintiff accepted employment with TPI regardless of when she received her first staffing assignment.

Moreover, the threat to sue for breach of the non-compete agreement was not the use of a law or legal process *for any purpose for which the law was not designed*.  Non-compete agreements which impose only a partial restraint on trade have long been enforceable under Alabama law.  *See Akzo Nobel Coatings, Inc. v. Color & Equip. LLC*, 451 F. App'x 823, 824 (11th Cir. 2011). "Alabama law distinguishes between total restraints and partial restraints. Under Alabama law, a restraint is partial, and not total, if the restrained party can engage 'as a

practical matter, in a meaningful pursuit of one's calling, notwithstanding the terms of the agreement.'" *Id*. (quoting *Ex parte Howell Eng'g & Surveying, Inc*., 981 So.2d 413, 423 n. 4 (Ala. 2006)). "If the restraint is merely partial, the restraint can be upheld if it is 'properly restricted as to territory, time and persons' and supported by sufficient consideration.'" *Id.* at 825 (quoting *Gafnea v. Pasquale Food Co*., 454 So.2d 1366, 1368 (Ala. 1984)). Here, the non-compete agreement has a duration of twelve months and only applies to companies at which Plaintiff was placed by TPI.  (Doc. # 6-1 at 4).  Thus, in Plaintiff's case, she is only prohibited by the non-compete agreement from working at Southern Company Services, either through direct employment or by assignment from another staffing company.  Thus, the non-compete is facially reasonable in time and scope.

Alabama Code § 8-1-190 became effective on January 1, 2016.  That statute repealed Alabama Code 1975, § 8-1-1, and codified the exceptions to the general prohibition on restraints on trade, including removing the prohibition on "partial restraints." Ala. Code § 8-1-190. It also codified the concept of equitable modification, permitting a court to modify restrictions that are overly broad or unreasonably long to preserve the protectable interest at issue. *Id.*

Finally, Plaintiff's conclusory allegation that TPI and Estes sought to "force" her to return to work for it is belied by the e-mail on which she bases that allegation and which she has set forth in full in her Complaint. (Doc. # 1 at 5).  In that e-mail, Estes explained that Plaintiff was in violation of a contractual duty and offered to let Plaintiff return to work for TPI if she so desired, to avoid litigation over her breach of the non-compete.  (Doc. # 1 at 5).

In sum, a threat to sue to enforce a non-compete agreement (which one entered into and may have violated) does not constitute "the use or threatened use of a law or legal process … *for*

*any purpose for which the law was not designed … ."* 18 U.S.C. § 1589(c) (emphasis added).

Plaintiff's Complaint fails to state a claim.[3]

**IV.     Conclusion**

For all of the reasons set forth above, Plaintiff's Complaint fails to state a claim, and

Defendants' Motion to Dismiss (Doc. # 6) is due to be granted.  A separate order will be entered.

**DONE** and **ORDERED** this March 21, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[3]  Defendants also argue that Plaintiff's Complaint is due to be dismissed pursuant to the *Noerr-Pennington* doctrine. (Doc. # 6 at 7-11). Because Plaintiff's Complaint fails to state a claim for relief, the court need not address -- and expressly does not address -- whether the *Noerr-Pennington* doctrine also forecloses Plaintiff's claim.